**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE MUNDONGO MANUNGA,<br><br>                Petitioner,<br><br>     vs.<br><br>SUPERIOR COURT OF THE STATE OF<br>CALIFORNIA, COUNTY OF ORANGE,<br><br>                Respondent. | CASE NO. SA CV 14-0238 AG (RZ)<br><br>ORDER SUMMARILY DISMISSING<br>HABEAS ACTION |

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in part that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." For the second time in two actions, Petitioner seeks habeas relief to challenge a 2010 conviction for which she has already completed her time "in custody." Because she no longer is serving time for that conviction, the Court lacks jurisdiction and will dismiss the action summarily. (The action also presents at least some unexhausted claims and, as before, is plainly untimely.)

///

///

///

# I.

**BACKGROUND: THE PRIOR, SIMILAR PETITION AND ITS DISMISSAL**

The Court explained the following background information – largely unchanged today – in dismissing her prior habeas action, No. SA CV 13-0029 AG (RZ), in which she invoked 28 U.S.C. § 2241 rather than § 2254 as she does now:

> Petitioner is a Congolese national now facing deportation based on a 2010 state felony conviction, the sentence for which crime she had completely served before she filed this action. She asserts in this 28 U.S.C. § 2241 habeas action that her appointed counsel in the 2010 case was ineffective for failing to advise her that a conviction could result in her now imminent deportation. If she had been thus advised, she states, then she would have taken an unspecified plea bargain – presumably meaning one that would not result in deportation – rather than proceed to trial.
>
> . . .
>
> ### *I.*
> ### *BACKGROUND*
>
> In 2010, an Orange County Superior Court jury convicted Petitioner of false imprisonment by deceit. She was sentenced to jail either for 16 months, *see* Pet. at 2, 5-6, as she indicates, or for one year, as the Clerk's Transcript appears to show. Lodgment 1 at 184-88 (verdicts on counts 1-5), 247 (minutes of July 9, 2010 indicating Petitioner was sentenced to "[s]erve 365 Day(s) [in] Orange County Jail as to count(s) 1, 2, 3, 4, 5"). Whichever sentence is correct, it is undisputed that Petitioner no longer is in custody due to this conviction. She appealed unsuccessfully. Pet. at 2, 5. The California Supreme Court rejected her petition for further direct review on June 30, 2011. *See* Lodgment 8 (submitted by state Respondent).

Federal authorities commenced removal proceedings on October 1, 2012 by serving her with a Notice To Appear. *Id*. at 26-27. The NTA charged that she was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) because her false-imprisonment crime is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(F). After an immigration hearing on March 12, 2013, an immigration judge denied her requests for relief and ordered her removed, *see* Exhibits to Pet'r's Letter Brief filed March 20, 2013, although as of this writing she does not appear to have *been* removed.

Petitioner filed the present habeas petition on January 7, 2013. She asserts that her 2010 trial counsel was ineffective for failing to tell her that she would be subject to removal if she proceeded to trial and lost. Had Petitioner known this, she insists, she would have agreed to an unspecified plea agreement that would not have led to removal.

It is unclear who the proper Respondent is, in the sense of the proper real party in interest. On the one hand, Petitioner challenges a *state* conviction. On the other hand, what prompted her challenge was her possible deportation by *federal* officials. In an abundance of prudence, the Court arranged for service of the petition on both sovereigns, and both have answered.

## II.
### *A PETITIONER FACING REMOVAL MAY NOT EMPLOY A § 2241 PETITION TO COLLATERALLY ATTACK THE STATE CONVICTION UNDERLYING THAT REMOVAL*

The case of *Contreras v. Schlitgen*, 122 F.3d 30 (9th Cir. 1997) appears to foreclose habeas review in this setting, at least with respect to the federal Respondent. In that case, an alien named Jose Contreras pleaded guilty to a California state charge of assault with a firearm. Based on that

conviction, federal authorities began deportation proceedings against him while he was in state prison. Contreras began exhausting a state-habeas claim that his trial counsel was ineffective in advising him about his plea, rendering it invalid. By the time the California Supreme Court rejected Contreras's final state petition, he was no longer in state custody and was instead in INS legal custody (albeit at liberty on bond). He filed a federal-court habeas petition asserting his newly-exhausted claim and soon thereafter added an INS official as an additional respondent. Although Contrereas filed the latter petition under § 2254, he was in federal, not state, custody. Accordingly, the federal district court construed the petition as one pursuant to § 2241. *See id.* at 31. But 28 U.S.C. § 2241(c)(3) requires that a § 2241 petitioner be "in custody in violation of the Constitution or laws or treaties of the United States." To try to satisfy this requirement even though he was challenging a *state* conviction, Contreras argued "that because the ineffective assistance of counsel rendered his plea involuntary and his conviction unconstitutional, and because that conviction is the sole reason he is in custody subject to deportation . . . ." *Id*. at 32.

The Court of Appeals rejected Contreras's argument. "The statutory language which makes Contreras deportable speaks only of the fact of conviction. Nothing in the statute requires or authorizes the INS to inquire into whether the conviction is valid." *Id*. Noting that Congress knows how to authorize a collateral attack on a predicate conviction, the Ninth Circuit observed that "the absence of such explicit authorization indicate[s] congressional intent that collateral challenges not be allowed." *Id*. Thus, the underlying state conviction "can only be tested in an action against the state, which," unlike any federal respondent, "has the greatest interest in preserving its judgment and the best ability to either correct or defend it." *Id.* at 33.

1 Thus, Petitioner cannot challenge her state false-imprisonment conviction in
2 this federal-prisoner (§ 2241) habeas action.

### III.
### *THE PETITION IS UNEXHAUSTED (AND NOW IS DEFAULTED)*

6 Even if the Court were to construe the petition liberally as seeking
7 relief pursuant to § 2254, the statute suited to challenges of *state* court
8 judgments, relief would still be unavailable for several independent reasons.
9 First, the Court lacks jurisdiction, because Petitioner, having completed her
10 term of imprisonment, is no longer "in custody" for the challenged
11 conviction. 28 U.S.C. § 2254(b). (Because Petitioner did not commence this
12 action *until after her sentence expired*, any "collateral consequences" such as
13 her possible removal are insufficient to render her "in custody" for purposes
14 of supplying habeas jurisdiction. *Maleng v. Cook*, 490 U.S. 488, 492, 109
15 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam); *see Contreras*, *supra*, 122
16 F.3d at 33 ("Contreras appears foreclosed from . . . a § 2254 action against the
17 state, by . . . *Maleng*, because he is no longer in the custody of the state").)
18 Second, Petitioner did not exhaust her ineffective-assistance claim in the
19 California Supreme Court prior to filing this action, as is required for habeas
20 relief. 28 U.S.C. § 2254(b)(1); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 119
21 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (exhaustion requires presentation of claim
22 to the state's highest court for decision). Third and finally, even if the Court
23 had jurisdiction and Petitioner's claim were exhausted, the one-year statute
24 of limitations of 28 U.S.C. § 2244(d) would bar relief. Petitioner's conviction
25 became final after September 28, 2011, upon the expiration of her 90 day
26 period for seeking *certiorari* review of the California Supreme Court's
27 rejection of further direct review. Her limitations period began running at that

time. Petitioner did not file this action until a year and some 100 additional days passed thereafter.

## *IV.*
## *RECOMMENDATION*

For the foregoing reasons, the undersigned recommends that the District Court accept the findings and conclusions in this Report and dismiss the action without prejudice for lack of jurisdiction. In the alternative, if the Court has jurisdiction, it should dismiss the action with prejudice as procedurally defaulted.

R&R filed May 2, 2013 (accepted by Order of July 30, 2013).

## II.
## THE COURT STILL LACKS JURISDICTION BECAUSE, AS BEFORE, PETITIONER ALREADY COMPLETED HER SENTENCE FOR THE CHALLENGED 2010 CONVICTION

After the Court dismissed the prior action, Petitioner filed a habeas action in the California Supreme Court. That court denied relief on October 23, 2013 in case number S213460. Four months later, she filed the current petition.

The action is still barred for the same three reasons noted in the prior Report. First, Petitioner did not file this action until after she completed her sentence for the 2010 conviction. The Court thus lacks jurisdiction. Second, 10 of the current petition's 11 claims were not exhausted as *federal* legal claims. (Attached to the current petition is a copy of Petitioner's California Supreme Court habeas petition.) For example, in Claim 1, Petitioner asserts that she was improperly denied an interpreter during trial and pretrial proceedings. In this Court, she expressly argues that this denial violated her "5th, 6th and 14th" Amendment rights, properly invoking federal legal bases for relief. But in the state

court petition, she cited no law at all – not even state law, let alone any federal laws – to support the corresponding claim. Her other claims as presented in the state court are similarly bereft of any citation to federal law, with the exception of Claim 2, which asserts *Miranda* error. Thus, the current petition is mixed at best. Third, the action is plainly time-barred for the reasons noted in the prior action – even more so, for the current action obviously began later than its predecessor. Petitioner explains only that she was unaware of her legal claims until her current immigration lawyer suggested them to her, but her unawareness of the law is no excuse for her untimeliness.

### III.
### CONCLUSION

For the foregoing reasons, the Court DISMISSES the action without prejudice for lack of jurisdiction. If the Court had jurisdiction, it would DISMISS the action with prejudice as procedurally defaulted.

DATED: February 28, 2014

ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE